# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| STEPHON VERGES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-1448-CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is before the Court on movant's letter to the Court dated August 20, 2018, which movant asks the Court to construe as a pro se motion to vacate under 28 U.S.C. § 2255. The Court will construe movant's letter as a pro se motion to vacate under 28 U.S.C. § 2255. The Court will deny, in part, movant's request for copies and order movant to show cause why the motion to vacate under 28 U.S.C. § 2255 should not be summarily dismissed as time-barred.

### Movant's Request for Copies

In his motion, movant seeks a blank Court form motion to vacate under 28 U.S.C. § 2255, and copies of the following documents from his criminal case, *United States v. Verges*, Case No. 4:13-CR-461-CDP (E.D. Mo.): (1) his criminal judgment, (2) plea agreement, (3) docket sheet, and (4) sentencing transcripts. For the following reasons, the Court will order the Clerk to forward to movant a blank

Court form motion to vacate under 28 U.S.C. § 2255 and a copy of the docket sheet in movant's criminal case, but deny the rest of movant's request for copies.

A prisoner has no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction, and constitutional requirements are met by providing such materials only after judicial certification that they are required to decide the issues presented by a non-frivolous pending case. *United States v. Lewis*, 605 F.2d 379, 379 (8th Cir. 1979) (citing *United States v. MacCollom*, 426 U.S. 317 (1976)). Because movant does not have a non-frivolous pending case before the Court, movant's request for copies of his criminal sentencing transcript is denied.

As for movant's request for copies of his plea agreement and judgment, the Court does not provide free copies of documents. The Clerk's Office will make copies of documents at the rate of fifty cents ($.50) per page, prepaid.

**Order to Show Cause**

Based on a review of movant's criminal case, movant's motion under 28 U.S.C. § 2255 appears to be time-barred. The Court will order movant to show cause why the motion should not be summarily dismissed.

On March 17, 2014, movant pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). On June 10, 2014, the Court sentenced movant to 96 months'

imprisonment. Movant did not appeal. *See United States v. Verges*, Case No. 4:13-CR-461-CDP.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210

(2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(f)(1) and is subject to summary dismissal. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final on June 24, 2014, which is fourteen days after the judgment was entered on June 10, 2014. Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on June 24, 2015. The instant motion was placed in the prison mail system by movant on approximately August 20, 2018. Therefore, it appears to be time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to send movant a § 2255 form and a copy of the docket sheet in his criminal case, *United States v. Verges*, Case No. 4:13-CR-461-CDP (E.D. Mo.).

**IT IS FURTHER ORDERED** that movant shall show cause, in writing and no later than twenty-one (21) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be dismissed without further proceedings.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of August, 2018.